## JARVIS CLARK CO., Plaintiff,

### v.

## UNITED STATES, Defendant.

### Court No. 81–9–01163.

United States Court of International Trade.

May 2, 1983.

Glad, White & Ferguson, Los Angeles, Cal. (Edward N. Glad, Los Angeles, Cal., on memorandum brief), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (Michael P. Maxwell, New York City, on memorandum brief), for defendant.

---

FORD, Judge:

This action is before the court on plaintiff's motion and defendant's cross-motion for summary judgment under Rule 56 of the rules of this court. Plaintiff has abandoned all claims as to all merchandise other than the "tippler hoppers". The merchandise was classified within the provisions of Item 690.15, Tariff Schedules of the United States, as other cars not self-propelled under the superior heading "railroad and railway rolling stock" and, as such, assessed with duty at 18 percent ad valorem.

Plaintiff contends the imported merchandise is properly subject to classification under Item 664.08, Tariff Schedules of the United States, as modified by Presidential Proclamation 4707 as " * * * other excavating * * * and extracting machinery * * * whether stationary or mobile, for earth, minerals, or ores * * * " and, as such, subject to duty at 4.7 percent ad valorem or 4.4 percent ad valorem, depending upon the date of entry.

The pertinent statutory provisions involved herein provide as follows:

690.15 Railroad and railway rolling stock: Passenger, baggage, mail, freight and other cars, not self-propelled
Mechanical shovels, coalcutters, scrapers, bulldozers, and other excavating, levelling, boring, and extracting machinery, all the foregoing, whether stationary or mobile, for earth, minerals, or ores; pile drivers; snow plows, not self-propelled; all the foregoing and parts thereof:

* * * * * *

664.08 Other

The parties have agreed the following facts are not in dispute:

1. Only the "tippler hoppers" in entries 274883, 324007, 325660 and 326919, covered by the above entitled action, were classified under Item 690.15, TSUS, as railroad and railway rolling stock.

2. The tippler hoppers are designed for and used only to haul earth, minerals, or ores out of underground mines.

3. The said tippler hoppers run on rails laid in underground mines.

4. The tippler hoppers are not self-propelled.

5. The standard gauge for railroad and railway rolling stock in the United States is 4 feet 8½ inches.

6. The gauge of the tippler hoppers imported by plaintiff is either 20 inches, 30 inches, or 36 inches.

7. The tippler hoppers imported by plaintiff are not equipped with brakes and do not conform to all safety standards promulgated for railroad cars.

Based upon the foregoing facts it is the position of plaintiff that the imported merchandise does not fall within the common meaning of railroad or railway rolling stock, nor is it ejusdem generis with such phraseology. Defendant contends the cars are not excavating or extracting machinery as claimed.

It is apparent, based upon paragraph 2 of the agreed facts, the sales brochure attached to plaintiff's motion, as well as the affidavit of James Lloyd Stevens also attached to said motion, that the cars are used to transport ore and are not excavating or extracting machinery. Mr. Steven's affidavit states:

That the mining trucks involved herein are sold and used by private corporations solely as a transportation vehicle for ores and waste in underground mining.

Examination of the tariff classification study does not assist in ascertaining the intent of Congress in enacting the language of Item 664.08. The language of Heading 84.23 of the *Brussels Nomenclature* has been held to be substantially the same as the superior heading of Item 664.08, TSUS. *The Servco Company v. United States,* 68 Cust.Ct. 83, 90, C.D. 4341 (1972) aff'd, 60 CCPA 137, C.A.D. 1098, 477 F.2d 579 (1973). It has been held the *Brussels Nomenclature* is an appropriate source of legislative history of the TSUS when the language of the corresponding provisions is the same or similar. *Schwarz d.b.a. Ski Imports v. United*

*States,* 57 CCPA 19, C.A.D. 971, 417 F.2d 1391 (1969).

Heading 84.23 of the Brussels Nomenclature covers the following:

EXCAVATING, LEVELLING, BORING AND EXTRACTING MACHINERY, STATIONARY OR MOBILE, FOR EARTH, MINERALS OR ORES (FOR EXAMPLE, MECHANICAL SHOVELS, COAL–CUTTERS, EXCAVATORS, SCRAPERS, LEVELLERS AND BULLDOZERS); PILE–DRIVERS; SNOW–PLOUGHS, NOT SELF–PROPELLED (INCLUDING SNOW–PLOUGH ATTACHMENTS).

This heading covers machinery, *other than* agricultural machinery (*heading 84.-24),* for "attacking" the earth's crust (e.g.:—for cutting and breaking down rock, earth, coal, etc.; earth excavation, digging, drilling, etc.), or for preparing or compacting the terrain (e.g., scraping, levelling, grading, tamping or rolling). It also includes pile-drivers, snow-plough attachments and non-self-propelled snowploughs.

The hopper cars involved herein are not used for "attacking" the earth's crust, etc., nor are they ejusdem generis with any of the exemplars listed. The court is therefore of the opinion that the hopper cars do not fall within the language of Item 664.08.

Defendant, in addition, contends said cars are excluded from classification thereunder by virtue of Headnote 1(i), Schedule 6, Part 4, Subpart B, which reads as follows:

1. This subpart does not cover—

(1) cranes or other machines mounted on vehicles, on vessels, on vessels or other transport equipment * * *

Plaintiff, in reply, asserts a hopper car does not constitute a machine for tariff purposes, since it has only one moving part. If this is so, and the court does not so find, then as indicated by defendant, plaintiff cannot claim under Item 664.08, since said provision provides the article to be machinery. If, on the other hand, the cars are machines, classification under Item 664.08 is precluded by virtue of the headnote.

Plaintiff has failed to overcome the classification of customs under Item 690.15. Accordingly the action is dismissed and the classification is sustained.

Judgment will be entered accordingly.