**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jamiel Alexander CHAGRA,**
**Defendant-Appellant.**
**No. 83–1807**
**Summary Calendar.**
United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

Oscar B. Goodman, Las Vegas, Nev., for defendant-appellant.

Carl Pierce, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before TATE, HIGGINBOTHAM, and DAVIS, Circuit Judges.

TATE, Circuit Judge:

The defendant Chagra is currently serving the sentence imposed on his conviction [1] in a jury trial on charges of aiding and abetting the possession of cocaine by another, 21 U.S.C. § 841(a)(1),[2] and of operating a continuing criminal enterprise, 21 U.S.C. § 848.[3] Chagra moved in the dis-

---

**1.** Chagra's conviction was affirmed by this court on appeal. *United States v. Chagra,* 669 F.2d 241 (5th Cir.1982), *reh'g denied,* 673 F.2d 1321, *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1983).

**2.** Section 841(a) provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

**3.** Section 848(b)(2) provides, in pertinent part:

(b) ... a person is engaged in a continuing criminal enterprise if—

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II- of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

trict court for a new trial, Fed.R.Crim.P. 33,[4] on the basis of the government's allegedly knowing use of purportedly perjured testimony at Chagra's trial. Without conducting a scheduled evidentiary hearing, the district court denied Chagra's motion. Chagra appeals, and the government challenges the timeliness of that appeal. We find the appeal to be timely, but nonetheless affirm.

## I.

Chagra's jury trial lasted over two weeks. Testimony was heard from several dozen witnesses. The evidence introduced at trial was to the effect that Chagra "had supervised several large scale narcotics importation and distribution operations."[5] Chagra was found guilty on the two above-noted counts in a four count indictment, with the jury not considering the two other lesser-included-offense counts.

This dispute essentially involves the alleged misidentification by several government witnesses of an individual whose likeness, along with that of the defendant, was captured in a photograph that was introduced into evidence by the government. The witnesses identified the individual in the photograph as one Robert Piccolo, allegedly an important underling in the continuing criminal enterprise headed by the defendant Chagra. Chagra asserts that newly discovered evidence proves this misidentification and also that the evidence indicates the government's knowing use of the purportedly "perjured" testimony.

Chagra also asserts that he was prejudiced by the trial court's refusal to grant an evidentiary hearing on his motion for a new trial. Chagra filed his motion for a new trial on August 4, 1983. The trial court on September 19, 1983 scheduled a hearing for October 21, 1983 on the motion.

Chagra contends that, without any prior warning, the trial court on October 18, 1983, without an evidentiary hearing, denied the motion for a new trial, prejudicing Chagra's right to present by affidavit in support of his motion, evidence that he had prepared for introduction at the scheduled hearing.

Also in dispute herein is the timeliness of Chagra's appeal. The district court on October 18, 1983 denied Chagra's motion for a new trial. The government contends that on that same date Chagra was given notice by court personnel of the denial. The order denying the motion was not docketed until November 7, 1983, however, despite the district court's order for immediate entry. Chagra's appeal was filed on November 2, 1983, but not entered on the criminal docket until November 7, 1983.

## II.

Presented for consideration on appeal are issues of: A) The timeliness of Chagra's appeal from the denial of his motion for a new trial; B) The district court's refusal to grant an evidentiary hearing on Chagra's motion; and C) The propriety of the district court's denial of Chagra's motion.

### A. Timeliness of Appeal

A defendant is given ten days within which to file a notice of appeal following the denial of his motion for a new trial on the basis of newly discovered evidence. Fed.R.App.P. 4(b). The district court on October 18, 1983 entered an order denying Chagra's motion for a new trial on the basis of newly discovered evidence. The government contends that on that date Chagra was given notice by the court personnel of the denial. Nonetheless, Chagra did not file a notice of appeal until Novem-

---

**4.** The motion was filed in the alternative as a proceeding for habeas relief under 28 U.S.C. § 2255, in the event the motion for new trial was not timely. The district court held that the motion for a new trial, based on the ground of newly discovered evidence, was timely as filed within two years of the date appellate process terminated. Fed.R.Crim.P. 33 provides that a

motion for new trial based on such ground must be made before or within two years after final judgment.

**5.** *United States v. Chagra, supra,* 669 F.2d at 244. The opinion summarizes the government's trial evidence. 669 F.2d at 244–46.

ber 2, 1983, some fifteen days later. Therefore, the notice of appeal not having been filed within ten days of Chagra's actual notice of the denial of his motion or within ten days of the judge's entry of the order, the government argues that Chagra's appeal should be dismissed as untimely.

In the face of specific provisions of Fed. R.App.P. 4(b), we are unable to agree with the government's contention.

The trial judge ordered on October 18, 1983 that the motion be denied and that the order be "entered" on that date. Nevertheless, that order was not entered on the folio sheet of the criminal docket assigned to this case until November 7, 1983, the same date the November 2, 1983 notice of appeal was docketed. Rule 4(b) of the Federal Rules of Appellate Procedure provides that "[a] judgment or order is entered within the meaning of this subsection when it is entered in the criminal docket." [6] Thus, for purposes of computing the timeliness of this appeal the judgment is deemed entered on November 7, 1983, and the notice of appeal filed on November 2, 1983, having been filed before the entry of the judgment, is deemed entered on November 7, 1983 as well, after the entry of the judgment.[7] The judgment and the notice of appeal are thus deemed for our purposes as having been filed on the same date. This appeal, therefore, was timely.

### B. *Evidentiary Hearing*

■ A motion for a new trial may ordinarily be ruled upon without the necessity of conducting an evidentiary hearing. *See, e.g., United States v. Simmons,* 714 F.2d 29, 30 (5th Cir.1983); *United States v. Metz,* 652 F.2d 478, 481 (5th Cir.1981).

Moreover, the decision whether to hold an evidentiary hearing rests within the sound discretion of the trial court, "subject to . . . review only for abuse." *United States v. Johnson,* 596 F.2d 147, 148 (5th Cir.1979).

Chagra contends that it was an abuse of discretion for the trial court to rule upon the motion without the benefit of the scheduled evidentiary hearing. Chagra argues that he was prejudiced by such a course of conduct because he was unable to put before the court in the form of affidavits the newly discovered evidence he intended to introduce at the hearing by the testimony of witnesses. That newly discovered evidence, Chagra contends, would have proven the falsity of the subject testimony and the government's knowledge of that falsity. Chagra argues, therefore, that the trial court abused its discretion in not conducting the scheduled hearing when such a course of action resulted in undue prejudice to Chagra.

■ The trial court denied the motion for a new trial, finding that in light of the weight of other evidence in the record, the allegedly perjured testimony was not material because it could not have affected the judgment of the jury. We agree. Chagra's new evidence would not have borne on the materiality of the purportedly perjured testimony. Materiality being a requisite element of Chagra's proof on his motion for new trial, *see* II C, *infra,* the allegedly newly discovered evidence could not have affected the trial court's ultimate conclusion that the purportedly perjured testimony was not material and thus did not justify the grant of a new trial.

Chagra further argues, relying upon precedent from this circuit as well as from

---

**6.** Rule 55 of the Federal Rules of Criminal Procedure provides that the clerk of court "shall keep records in criminal proceedings ... as the Director of the Administrative Office of the United States Courts may prescribe." The Director has provided in section 517.1 of Volume IV of the Clerk's Manual to the Guide to Judiciary Policies and Procedures (Administrative Office of the United States Courts, 1980), that "a judgment or order is deemed to be entered for purposes of computing time for appeal 'when it

is entered in the criminal docket.' (Rule 4(b) FRAP)."

**7.** Rule 4(b) of the Federal Rules of Appellate Procedure provides, in pertinent part, that: "A notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."

the Supreme Court,[8] that his allegations of the prosecution's knowing use of the perjured testimony necessitated an evidentiary hearing, and that therefore the district court abused its discretion in this case by ruling without holding a hearing. However, in the decisions relied upon by the defendant, the alleged governmental misconduct could not be shown except by an evidentiary hearing, because it was (as alleged) extraneous to and outside of the trial record. Here, the witnesses' testimonial identifications of Piccolo in the suspect exhibit, as well as the subsequent defense cross-examinations involving those identifications, were transcribed. Here, the claim of misidentification of the face in the photograph and the government's justifications for its identification were set forth and explored in the merit-trial record. Ultimately, the lack of materiality of this peripheral testimony (see II C, *infra*), and the merit-trial record indicating the government's reasons for the identification (later proved to be mistaken), seriously questioned by the defense at the trial, sufficiently negatived any prosecutorial overreaching constituting a ground for a new trial so as to obviate the need to take further evidence as to this non-material, even if false (mistaken), testimony.

Accordingly, finding that an evidentiary hearing was not necessary in this case to assist the judge in conducting the requisite "thorough inquiry," cf., *Johnson v. United States*, 207 F.2d 314, 322 (5th Cir.1953), *cert. denied*, 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954), and that Chagra's plea for a new trial was not unduly prejudiced by the trial court's denial of the motion without conducting the scheduled evidentiary hearing, we find no abuse of discretion in the court's refusal to hold the scheduled evidentiary hearing in this case.

### C. *Motion For New Trial*

■ To obtain a new trial upon allegations that the government's case included false testimony and that the prosecution knew or should have known of the falsity, the moving party must show: "(1) the statements were actually false; (2) the statements were material, *i.e.*, 'a highly significant factor reasonably likely to have affected the judgment of the jury'; and (3) prosecution knew they were false." *United States v. Mack*, 695 F.2d 820, 822–23 (5th Cir.1983). The district court found that, even assuming that the testimony was false, the testimony was not material, in that "there [was] no reasonable likelihood that the judgment of the jury could be affected by the witnesses' statements concerning [the exhibit]." The district court therefore denied Chagra's motion for a new trial.

■ Chagra contends that the testimony of several government witnesses with regard to the identification of an individual in a photograph as Robert Piccolo satisfied the above criteria. The photograph was apparently intended to corroborate testimony regarding Chagra's association with Piccolo, allegedly an underling in Chagra's criminal enterprise. Chagra contends that the testimony was "material" because the establishment of that relationship was crucial to the government's proof that Chagra was the "kingpin" of a criminal enterprise as contemplated by 21 U.S.C. § 848. Chagra further contends that he was prepared to introduce at the hearing that was to be held on the motion, new evidence which would establish not only the falsity of the testimony, but also the government's knowledge of the falsity.

We find no abuse of discretion in the district court's ruling. Chagra's trial lasted approximately two weeks and involved the testimony of dozens of witnesses. Chagra's association with Piccolo was only one of many associations evidenced at trial

---

**8.** *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (government's promise to a prosecution witness); *Napue v. People of the State of Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (government's failure to correct false testimony of a witness); *Richardson v. United States*, 360 F.2d 366, 369 (5th Cir.1966) (allegation that prosecution witness engaged in a private conversation with one of the jurors).

from which one could infer Chagra's involvement as "kingpin" in a continuing criminal enterprise as contemplated by 21 U.S.C. § 848. We therefore find that the evidence was not, as Chagra contends, crucial to the government's case.

Moreover, Chagra does not challenge the existence of or his association with an individual named Piccolo, but rather challenges only the witnesses' identification of an individual in the subject exhibit as Piccolo. Indeed, wiretap transcripts introduced in support of the government's response to Chagra's motion for a new trial establish that Chagra did associate with an individual referred to as "Pic." Further, Piccolo was identified in another photographic exhibit introduced at trial; no challenge is made by Chagra to that photograph. In short, Chagra does not substantially dispute that Piccolo did exist, and substantial evidence in the merit-trial record shows that Chagra was associated with Piccolo, aside from the challenged identification of a face in the photograph evidence as that of Piccolo.

We therefore find no abuse of discretion in the district court's denial of Chagra's motion for a new trial without an evidentiary hearing, upon its finding that the subject testimony, even if false or mistaken, was nevertheless not "material".

*Conclusion*

For the reasons stated, we AFFIRM the judgment of the district court.

AFFIRMED.