JARVIS CLARK CO., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 81-9-01163

Before FORD, *Judge.*

(Dated November 19, 1984)

*Glad, White & Ferguson* for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Michael P. Maxwell),* for the defendant.

FORD, *Judge:* This action has been remanded by the United States Court of Appeals for the Federal Circuit, 735 F.2d 873 (Fed. Cir. 1984), for determination of the proper classification of certain tippler hopper cars which are used to haul ore and waste from

mines. They were classified as "railroad and railway rolling stock" under the provisions of Item 690.15, Tariff Schedules of the United States. Plaintiff contended the merchandise was properly subject to classification under Item 664.08, Tariff Schedules of the United States, as modified by Presidential Proclamation 4707, which provides for "* * * other excavating * * * and extracting machines * * * whether stationary or mobile for earth, minerals, or ores * * *."

The Court in Slip. Op. 83–38, 566 F. Supp. 344 (CIT 1983), held that classification under the claimed provision was precluded by virtue of headnote 1(i), Schedule 6, Part 4, Subpart B, as well as paragraph 2 of the agreed statement of facts and the affidavit of Mr. Stevens.

The appellate court, in reviewing the legislative history of the Customs Courts Act of 1980, determined that this court was granted the right to retry or remand an action, 28 U.S.C. 2643(b), so as to eliminate the potential unfairness imposed by the dual burden of proof upon the importer. The court therein held "But the trial Court cannot determine the correct result simply by dismissing the importer's alternative as incorrect. It must consider whether the governments classification is correct, both independently and in comparison with the importer's alternative."

Plaintiff is now urging classification under Item 664.08 on the theory that it is more specific than Item 692.60 referred to by the appellate court and relied upon by defendant. Plaintiff's position that Item 664.08 is more specific that Item 692.60 has merit. However, it is also possible, as indicated by the Appellate Court that other classification provisions may apply. I, therefore, am remanding this matter for proper classification in accordance with this decision and the decision of the Court of Appeals, supra.

Accordingly, it is hereby

ORDERED that this action is remanded to the District Director at the port of Los Angeles, California for the purpose of classifying this merchandise in accordance with this decision and that of the United States Court of Appeals for the Federal Circuit, 735 F.2d 873 (Fed. Cir. 1984).