772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JOHN MONTANA, AKA SONNY, DEFENDANT-APPELLANT.
 NOS. 84-3558, 84-3674
 United States Court of Appeals, Sixth Circuit.
 8/21/85
 
 N.D.Ohio
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, MARTIN and CONTIE, Circuit Judges.
 
 
 1
 These appeals have been referred to this panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. The appellant has responded to this Court's order entered May 23, 1985, directing him to show cause why appeal number 84-3674 should not be dismissed due to a late notice of appeal. The appellee has replied to the response.
 
 
 2
 Appellant's first notice of appeal was filed on June 21, 1984, from the March 29, 1984, jury verdict and the June 11, 1984, order denying judgment for acquittal or, in the alternative, a new trial (appeal number 84-3558). The final decision in a criminal case for the purposes of appeal is the imposition of the sentence. Berman v. United States, 302 U.S. 211 (1937); Northern v. United States, 300 F.2d 131 (6th Cir. 1962). An order denying a motion for new trial and judgment of acquittal is interlocutory and any appeal from such an order prior to the imposition of sentence is premature. United States v. Cahalane, 560 F.2d 601 (3rd Cir. 1977), cert. denied, 434 U.S. 1045 (1978); United States v. Mathews, 462 F.2d 182 (3rd Cir. 1972), cert. denied, 409 U.S. 896 (1972). The June 21, 1984, notice of appeal was filed prior to the imposition of sentence.
 
 
 3
 Appellant asserts that his notice of appeal filed June 21, 1984, should be considered filed July 30, 1984, pursuant to Rule 4, Federal Rules of Appellate Procedure. The notice of appeal cannot be treated as filed on the date of the entry of the sentence (July 30, 1984) since the sentence was not announced at the time the notice of appeal was filed. The purpose of the provision in Rule 4(b), Federal Rules of Appellate Procedure, upon which appellant relies is to keep a notice of appeal from being premature when it is filed after the announcement of sentence but before entry of the sentence on the criminal docket of the district court. See United States v. Chagra, 735 F.2d 870, 873 (5th Cir. 1984).
 
 
 4
 The appellant's second notice of appeal filed August 14, 1984, was taken from the judgment and commitment order entered July 30, 1984 (appeal number 84-3674). That notice of appeal was filed five days late. Rule 4(b) and 26(a), Federal Rules of Appellate Procedure.
 
 
 5
 Appellant states that his August 8, 1984, letter addressed to the district court was in effect a renewed motion for new trial and as such extended the time. The letter was neither filed nor ruled on by the district court. A copy of the August 8, 1984, letter was incorporated in the August 14, 1984, motion for stay of enforcement of the sentence. The letter did not seek a new trial but instead asked that the court take whatever steps it felt necessary to assure that justice was done. The motion was not filed in compliance with Rule 33, 47 and 49, Federal Rules of Criminal Procedure.
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(b), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank & Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983); United States v. Hoye, 548 F.2d 1271 (6th Cir. 1977). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 7
 It is ORDERED that appeal numbers 84-3558 and 84-3674 be and hereby are dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit. The dismissal of appeal number 84-3674 is without prejudice to any right appellant may have to seek an extension of time from the district court.