911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frances BROWN, Defendant-Appellant.
 No. 90-1181.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 8, 1990.
Decided Aug. 13, 1990.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In this criminal appeal, we affirmed from the bench at the conclusion of the appellant's argument. We announced that a brief order would be entered affirming the conviction. This is that order.
 
 
 2
 On appeal, Brown raises two issues. Initially, she argues that there was insufficient evidence in the record to support her conviction for possession with intent to distribute. Brown also alleges error in the district court's denial of her motion for a new trial based upon newly discovered evidence.
 
 
 3
 In reviewing a challenge to the sufficiency of the evidence " 'we review the evidence in the light most favorable to the prosecution and draw all reasonable inferences in its favor.' " United States v. Buggs, No. 89-2130, slip op. at 7 (7th Cir. May 18, 1990) (quoting United States v. Hogan, 886 F.2d 1497, 1502 (7th Cir.1989)). The conviction is affirmed " '[i]f any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).
 
 
 4
 Brown maintains that the government failed to present sufficient evidence to support the jury's determination that she knowingly possessed crack. She asserts that there was no evidence to support the conclusion that she had prior knowledge that the package contained crack. The evidence in this case provides, however, that the package containing the crack was addressed to Brown and that she was the only adult living at the address. At the time that the inspectors entered the premises after the controlled delivery, only Brown and her co-defendant were in the same room with the package and its wrapping. There was also testimony from the postal inspector who made the controlled delivery that Brown indicated that she had been expecting that package and three or four others.
 
 
 5
 At trial, Brown denied that she told the postal inspector that she was expecting this package and several more. Rather, she testified that she thought that the package was sent express mail from her daughter in Tennessee with the money she received in her first public assistance check. In addition, Brown revealed in her testimony at trial that she had received and signed for a package from California in January 1989, prior to her arrest in May 1989. She denied knowing anyone in California, however, and testified that the package contained a present for her children from someone in California whose name she did not recognize. With respect to the package at issue in this case, Brown testified that she neither knew that a package was going to be delivered to her house with her co-defendant as the intended recipient, nor that the package would contain crack.
 
 
 6
 Considering all of the evidence in the light most favorable to the government, there was sufficient evidence to support the jury's verdict in this case. There was conflicting testimony concerning what Brown knew and did not know about the package and its contents. The jury simply did not believe Brown's explanation of the events or the testimony that someone would send a package of crack with a street value of between twenty-five to fifty thousand dollars to another person's residence, without telling her about it and without knowing when it was going to be delivered on the chance that he, as the intended recipient, would be present when the package actually arrived. The jury's credibility determinations and its decision to credit some testimony and to discredit other testimony was well within its province and cannot be disturbed on appeal.
 
 
 7
 The jury properly resolved the credibility issues in this instance. Having done so, there remained ample evidence in the record to support the jury's verdict and the sufficiency of the evidence claim must fail.
 
 
 8
 In her second issue, the defendant alleges error in the district court's denial of her motion for a new trial. Following her conviction, the defendant filed a motion for new trial on the basis of newly discovered evidence, an exculpatory affidavit from her co-defendant, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.
 
 
 9
 In United States v. Tucker, 836 F.2d 334 (7th Cir.1988), this court noted that a defendant who files a motion for new trial based upon newly discovered evidence in the form of an exculpatory affidavit from a co-defendant faces a heavy burden. The Tucker court noted that an exculpatory affidavit from a co-defendant is "inherently suspect", Id. (citing United States v. Simmons, 714 F.2d 29, 31 (5th Cir.1983), and that motions for a new trial on the basis of such an affidavit are "not favored by the courts and are viewed with great caution." Id. (citing United States v. Goodwin, 770 F.2d 631, 639 (7th Cir.1985)).
 
 
 10
 In order to obtain a new trial on the basis of newly discovered evidence the defendant must demonstrate that the evidence "(1) came to [her] knowledge only after trial; (2) could not have been discovered sooner had [the defendant] exercised due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." United States v. Nero, 733 F.2d 1197, 1202 (7th Cir.1984). The affidavit submitted by the defendant as the basis for her new trial claim fails to satisfy several of the prerequisites to relief. Initially, the defendant has not exercised sufficient diligence in that she did not make any attempt to obtain Cofer's testimony by issuing a subpoena. See United States v. Oliver, 683 F.2d 224, 228 (7th Cir.1982) (a defendant's claim of diligence is seriously undermined by the failure of the defense to have a subpoena issued for the witness). In addition, the evidence in this case is not more than impeaching or cumulative in that it would do no more than create another credibility determination that could be resolved against Brown at a new trial. Finally, in order to justify a new trial " 'the likelihood that the newly discovered evidence would change the jury's decision must rise considerably above the level of sheer speculation....' " 773 F.2d at 1205 (quoting United States v. Riley, 544 F.2d 237, 241 (5th Cir.1976)). Because the newly discovered evidence in this case would do no more than create another credibility issue for the jury, its effect on the outcome of a new trial is not sufficiently definite to justify granting the extraordinary relief of a new trial; therefore, the district court properly denied the motion.
 
 
 11
 In accordance with the discussion above, the conviction is
 
 
 12
 AFFIRMED.