United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-60756
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRKSEY MCCORD NIX, JR.; JOHN RANSOM,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(1:91-CR-40PR)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Kirksey McCord Nix, Jr., federal prisoner #20921-077, and John Elbert Ransom, federal prisoner #97349-131, were convicted of conspiracy to violate the fraud-by-wire statute and the murder-for-hire statute and for substantive wire fraud violations. United States v. Sharpe, 995 F.2d 49, 50-51 (5th Cir. 1993). Nix and Ransom filed a motion for a new trial under FED. R. CRIM. P. 33, asserting that they had newly discovered evidence that prosecutors (1) withheld exculpatory evidence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (2) withheld evidence tending to impeach government witnesses in violation of <u>Giglio v. United States</u>, 405 U.S. 150 (1972); and (3) knowingly offered perjured testimony in violation of <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935). The district court denied the motion and Nix and Ransom appeal.

We review a denial of a Rule 33 motion for new trial for abuse of discretion. <u>United States v. Jaramillo</u>, 42 F.3d 920, 924 (5th Cir. 1995). A defendant seeking a new trial on grounds of newly discovered evidence must show that: (1) The evidence is newly discovered and was unknown to him at the time of trial; (2) his failure to discover the evidence did not result from a lack of diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence would probably produce acquittal at a new trial. <u>United States v. Freeman</u>, 77 F.3d 812, 817 (5th Cir. 1996). "[T]he likelihood of changing a jury's decision as a result of newly discovered evidence must rise considerably above the level of speculation." <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977) (quoting <u>Ross v. Texas</u>, 474 F.2d 1150, 1153 (5th Cir. 1973) (habeas case)).

With respect to Nix and Ransom's assertions of undisclosed impeachment evidence and perjury related to the consideration given to witnesses in exchange for their testimony, their claims of newly discovered evidence cannot support relief under Rule 33. "[E]vidence which merely discredits or impeaches a witness' [sic]

2

testimony does not justify a new trial." United States v. Pena, 949 F.2d 751, 758 (5th Cir. 1991).

With respect to their assertions that the government withheld exculpatory evidence, Nix and Ransom have not shown that the identities of other possible suspects in the Sherry murders, including the individual ultimately convicted of the crime, were material to the conviction for conspiracy to violate the wire-fraud and murder-for-hire statutes. Additionally, there is no indication that evidence regarding the identity of the person who was hired to commit the murders would have produced an acquittal on the conspiracy count. See Freeman, 77 F.3d at 817; Prior, 546 F.2d at 1259.

Nix and Ransom also assert as error the government's alleged use of other perjured testimony unrelated to impeachment, the district court's allegedly incorrect application of the sentencing guidelines, the insufficiency of the evidence to sustain Ransom's conviction, and their alleged convictions under an ex post facto application of a criminal statute. These arguments contain no substantive allegations of newly discovered evidence and do not challenge the district court's denial of the Rule 33 motion. Neither are the arguments relevant to the issues on appeal.

Based on our exhaustive review of the record, we hold that the district court did not abuse its discretion in denying relief under FED. R. CRIM. P. 33 without allowing additional discovery or conducting an evidentiary hearing. See Murphy v. Johnson,

3

205 F.3d 809, 814 (5th Cir. 2000) (habeas case); <u>United States v. Simmons</u>, 714 F.2d 29, 30 (5th Cir. 1983).  The judgment of the district court is AFFIRMED.

Ransom's motion to compel production of the trial transcript is DENIED.