# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-20752
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SUGENTINO PERCEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-89-4

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sugentino Percel, federal prisoner # 39433-179, was convicted of conspiring to possess with the intent to distribute and aiding and abetting the possession with the intent to distribute, five kilograms or more of cocaine. His conviction was affirmed on appeal. *United States v. Percel*, 553 F.3d 903, 906 (5th Cir. 2008), *cert. denied, Vasquez v. United States*, 129 S. Ct. 2065 (2009). He now appeals the district court's denial as untimely of his post-appeal motion for a new trial. He alleged that his motion was based on newly discovered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence consisting of a statement from a non-testifying codefendant, Bonifacio Hernandez, indicating that Percel did not participate in the offenses of which he was convicted and had no knowledge of the cocaine.

Even if this court assumes that the motion was based on newly discovered evidence and was timely filed, Percel cannot show that he is entitled to a new trial. A defendant moving for a new trial must establish that: (1) the evidence is newly discovered and was unknown to him at the time of trial; (2) the defendant's failure to discover the evidence was not due to a lack of diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence would probably produce acquittal at a new trial. *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996); *United States v. Simmons*, 714 F.2d 29, 31 (5th Cir. 1983). Percel has not shown that his failure to discover Hernandez's potential favorable testimony was not due to his own lack of diligence. Nor has he shown, in light of the other evidence against him, that inclusion of Hernandez's proffered testimony would probably result in his acquittal at a new trial. Two of Percel's co-defendants offered detailed testimony at trial implicating him in the offense. That testimony was corroborated to a large extent by testimony from DEA agents who conducted surveillance of the defendants on the day of their arrest; by video tapes made during that surveillance; and by items found during searches of the residences involved.

The district court did not abuse its discretion in denying the motion for a new trial. *See Freeman*, 77 F.3d at 817. The judgment of the district court is AFFIRMED.