# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2021

Lyle W. Cayce
Clerk

No. 20-50792

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert Limon, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-21

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Gilbert Limon III, federal prisoner # 91341-380, moves for a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2255 motion challenging the district court's determination that his motion was untimely. He argues that the prison mailbox rule saves his motion from being time barred. Further, Limon claims that his trial counsel failed to file a motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withdraw Limon's guilty plea and failed to file a notice of appeal upon Limon's instruction. These failures, Limon argues, constituted ineffective assistance of counsel.

To obtain a COA, Limon must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues he presents "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court denies relief on procedural grounds, the movant must demonstrate that reasonable jurists would find it debatable whether the motion states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Limon has demonstrated that jurists of reason could find the district court's determination that his § 2255 motion was untimely debatable. *See id.* Although signed and filed on December 21, 2017, the criminal judgment was not entered in the criminal docket until December 26, 2017. That is the relevant date for purposes of the 14-day period to file a notice of appeal. *See* FED. R. APP. P. 4(b)(6); *United States v. Chagra*, 735 F.2d 870 (5th Cir. 1984); *see also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In addition, based on our review of the relevant materials, reasonable jurists would debate whether Limon has stated a valid claim of the denial of a constitutional right with respect to his claims that counsel rendered ineffective assistance. *See Houser v. Dretke*, 395 F.3d 560, 561 (5th Cir. 2004). Accordingly, a COA is GRANTED as to whether the district court erred by dismissing his motion as time barred. As further briefing is not necessary on this issue, the judgment is VACATED, and the case is REMANDED for further proceedings in accordance with this opinion. *See Whitehead v.*

*Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).  We express no opinion on the disposition of the merits of the § 2255 motion.