**Roman CASEY, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Roman CASEY, Defendant-Appellant.**

**Nos. 74–4013, 75–1063.**

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1975.

Rehearing and Rehearing En Banc Denied Dec. 22, 1975.

Paul Shimek, Jr., Pensacola, Fla., for petitioner-appellant.

Ronald T. Knight, U. S. Atty., C. Nathan Davis, Asst. U. S. Atty., Macon, Ga., for U. S.

Paul Shimek, Jr., Burton E. Strubhar, Pensacola, Fla., for defendant-appellant.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

We affirmed appellant's conviction on direct appeal. *United States v. Casey,* 5 Cir., 1973, 480 F.2d 151. We subsequently affirmed the denial of post-conviction relief. *United States v. Casey,* 5 Cir., 1974, 496 F.2d 876. We now review a second effort to obtain post-conviction relief.

■ We find no merit in the assorted claims that appellant was denied his Sixth Amendment right to effective counsel.

■ The other issue presented is the contention that appellant was entitled to a new trial on the ground of newly discovered evidence. The basis urged is an undisclosed arrangement between a government witness, Helms, and the prosecutor.

Helms was charged with appellant and another in a conspiracy count and in eight substantive counts. Helms testified at trial that he pleaded guilty to two counts and expected that the remaining counts would be dropped. He was awaiting sentence at the time. He denied having made "any deal with the Government."

Appellant now relies on the affidavit of another witness at the trial, Hutchinson, who states that he talked with Helms on the day of the trial of appellant and that Helms, "stated that he had made a deal with the government to be given probation in exchange for him testifying against Roman Casey."

The motion for a new trial is no more than an effort to impeach the testimony of Helms, and newly discovered impeachment evidence is not sufficient to justify a new trial. *United States v. Jacquillon,* 5 Cir., 1972, 469 F.2d 380, 388. New evidence must be such that it would probably produce an acquittal in a new trial. The evidence in question is insuf-

ficient for that purpose. Moreover, there is no showing that the evidence was newly discovered. *Jacquillon, supra; Nelson v. United States,* 5 Cir., 1969, 415 F.2d 483, 488; *Ledet v. United States,* 5 Cir., 1962, 297 F.2d 737, 739.

Affirmed.