UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter METZ, Defendant-Appellant.

No. 80–2328
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 3, 1981.

Michael P. Carnes, Dallas, Tex., Martin G. Weinberg, Boston, Mass., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant Walter (Hal) Metz stands convicted of a drug conspiracy offense, in violation of 21 U.S.C.A. § 846, and has been sentenced to twelve years imprisonment.[1] He now appeals the trial court's denial of

1. The conviction was affirmed by the Court and certiorari was denied by the Supreme Court. *United States v. Metz*, 608 F.2d 147 (5th Cir. 1979), *cert. denied*, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980).

his motion for new trial, particularly without an evidentiary hearing. *See* F. R. Crim. P. 33. Metz alleges "newly discovered" evidence in his motion for new trial consisting of exculpatory affidavits of Metz's convicted co-conspirators, in particular that of Ronald Schiller, who was tried jointly with Metz. Prior to trial, Metz filed a motion for severance claiming that Schiller, after acquittal or conviction, would testify in Metz's behalf. This severance motion briefly outlined that Schiller would testify that (i) he had no contact with Metz despite three visits to his house on December 14, 1977, the day of the bust and, (ii) neither Metz nor his wife ever agreed to or had any knowledge of, use or control over the cocaine. The motion was denied and neither Metz nor Schiller testified at their trial.[2]

Evidence was introduced at their trial that (i) Schiller visited Metz's townhouse on three separate occasions on December 14, 1977, (ii) a Drug Enforcement Agent (DEA) saw Metz at the front door on one of these visits, (iii) on December 14, 1977, DEA agents had been negotiating with Schiller for the sale of forty pounds of cocaine, (iv) Schiller had told the agents that the cocaine was at a "stash pad" and Schiller had been seen at Metz's residence just prior to the time Schiller delivered a pound of cocaine to a DEA agent, and (v) physical evidence consisting of cocaine residue and weighing apparatus was found at Metz's residence in the kitchen and bathroom areas.

Subsequently, in two affidavits dated June 9, 1980 and July 31, 1980, Schiller now states that he is willing to give certain detailed testimony which would exculpate Metz as a co-conspirator. According to Schiller's present affidavit, (i) Metz was not present at his townhouse when Schiller was there on December 14, 1977, (ii) Metz knew nothing about the cocaine deal, (iii) the origin of the cocaine was not Metz's town-

house, (iv) Schiller had carried the cocaine into Metz's house and had prepared it for sale there without Metz's knowledge and (v) the purpose of his three visits to the Mertz residence was to go Christmas shopping with Metz's wife.

■ A motion for new trial is entrusted to the discretion of the trial judge, *United States v. Riley*, 544 F.2d 237 (5th Cir. 1976), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977); *Hudson v. United States*, 387 F.2d 331 (5th Cir. 1967), *cert. denied*, 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147 (1968); is not subject to facile reversal, *United States v. Johnson*, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *Lyles v. United States*, 279 F.2d 358 (5th Cir.), *cert. denied*, 364 U.S. 922, 81 S.Ct. 288, 5 L.Ed.2d 262 (1960), and "will be reversed only where it is shown that the ruling was so clearly erroneous as to constitute an abuse of discretion." *United States v. Antone*, 603 F.2d 566, 568 (5th Cir. 1978); *United States v. Hamilton*, 559 F.2d 1370 (5th Cir. 1977); *United States v. Smith*, 433 F.2d 149 (5th Cir. 1970). A new trial, therefore, due to "newly discovered" evidence, should be granted only with great caution.[3]

■ In order to prevail on a motion for new trial, the defendant must satisfy *all* of the following four prerequisites:

(i) the evidence was unknown to the defendant at the time of trial and is in fact newly discovered, (ii) the evidence is material, (iii) the nature of the evidence is such that it would probably produce a different result at a new trial, and (iv) the recent discovery of the evidence is in no wise attributable to a previous lack of diligence on the part of the movant. *United States v. Geders*, 625 F.2d 31, 32–33 (5th Cir. 1980), *quoting United States v. Antone*, 603 F.2d at 568–69 (5th Cir. 1978). *See, e. g., United*

---

**2.** Schiller's conviction was also affirmed in *United States v. Metz*, 608 F.2d 147 (5th Cir. 1979), and he is presently serving eight years imprisonment.

**3.** We observe that the Second Circuit exercised a high degree of caution in a similar situation in *Jacobs v. United States*, 475 F.2d 270, 286, n.33

(2d Cir. 1973), *cert. denied*, 414 U.S. 821, 94 S.Ct. 131, 38 L.Ed.2d 53 (1973). "[A] Court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify." *Id.*

*States v. Hagerty,* 561 F.2d 1197, 1200 (5th Cir. 1977); *United States v. Cook,* 546 F.2d 82 (5th Cir. 1977); *United States v. Riley,* 544 F.2d at 240; *Casey v. United States,* 522 F.2d 206 (5th Cir. 1975); *United States v. Spivey,* 508 F.2d 1061, 1063 (5th Cir. 1976); *United States v. Rachal,* 473 F.2d 1338, 1343, 1344 (5th Cir. 1973); *United States v. Jacquillon,* 469 F.2d 380, 388 (5th Cir. 1972); *United States v. Stephenson,* 448 F.2d 768 (5th Cir. 1971).

In the present case, it is apparent that Metz has not cleared the hurdle of showing that the evidence was unknown to him at the time of trial. In an affidavit dated August 15, 1980, attached to the present motion for a new trial, Metz's former trial counsel, William Moran, avers that the entire substance of Schiller's affidavit is consistent with what Schiller and/or Schiller's counsel had relayed to him prior to their trial in August 1978. Moran alleges that the specific details and facts in Schiller's affidavit were disclosed to him in confidence, but that he was precluded from revealing the information absent a granting of severance. Clearly, this evidence cannot be considered "newly discovered." Even though Schiller may have been unavailable to testify at their joint trial because he invoked the Fifth Amendment, Metz himself was not precluded from testifying in his own behalf that he (i) knew nothing of the conspiracy, (ii) was unaware of the presence of cocaine in his residence, and (iii) was not at his residence on December 14, 1977, at the time of Schiller's visits.

Appellant Metz attempts to persuade us that "newly available" evidence is synonymous with "newly discovered" evidence. He relies on the cases of *Newsom v. United States,* 311 F.2d 74 (5th Cir. 1962), and *Ledet v. United States,* 297 F.2d 737 (5th Cir. 1962), for the proposition that a previously silent co-defendant's post-conviction willingness to testify constitutes "newly discovered" evidence warranting a new trial. A closer analysis of the facts and legal reasoning of these decisions does not warrant the adoption of such a blanket proposition. In *Newsom,* the co-conspirator who was tried jointly and convicted with the defendant, exculpated Newsom at the sentencing stage of trial rather than *after* final conviction. Additionally, the case presented problems with an impartial jury panel and the Court there characterized the proof of *Newsom*'s guilty knowledge as "extremely weak." *Newsom,* 311 F.2d at 78. Similarly, in *Ledet,* the Court noted that "it is not unusual for one of two convicted accomplices to assume the entire fault and thus exculpate his co-defendant by the filing of a recanting affidavit. It goes without saying that not every such recanting affidavit requires a new trial of the other defendant for whose benefit it is produced [cites omitted]." *Ledet,* 297 F.2d at 739. Nevertheless, the Court went on to find that in view of all the particular circumstances of that case, which involved ambiguous facts either completely exonerating or absolutely convicting the defendant, a new trial was warranted. *Id.*

We do not find the ambiguous fact situation of *Ledet* or the sentencing situation in *Newsom* present in our case which would warrant a new trial based on "newly discovered evidence." [4] Instead, we find that the Court did not abuse its discretion in denying the motion for new trial since Metz had failed to satisfy one of the required elements. Further, the Court placed this "newly discovered" evidence in its proper legal perspective. This Court has previously recognized that a trial judge may consider whether the testimony of a co-defendant is "contrary to his own penal interest." *United States v. Alejandero,* 527 F.2d 423, 428 (5th Cir. 1976), *cert. denied,* 429 U.S.

4. We also fail to find that the other affidavits which Metz has relied on constitute "newly discovered" evidence or are material to the granting of a motion for new trial. Harold Oldham, another co-defendant, in his affidavit states that he did not know Walter or Wanda until they were charged with the offense. Likewise, the affidavit of co-defendant Paul Hodgson states that he never heard of Walter or Wanda Metz until their trial. The statement of co-conspirator John Bland indicates that he never met with Metz. All of these co-conspirators pleaded guilty and received various sentencing terms.

844, 97 S.Ct. 124, 50 L.Ed.2d 115 (1977). In *Alejandero* the co-conspirator/defendant had been "caught red-handed" and the Court stated: "His effort to absolve his co-defendant cost him nothing. It is not unusual under such circumstances for the obviously guilty defendant to try to assume the entire guilt." *Id.* We have a comparable situation here—Schiller has nothing to lose by now exculpating Metz.

Finally, we address Metz's contention that the Court erred in denying his motion without an evidentiary hearing. Metz argues that it was necessary for the Court to hear Schiller's testimony in order to assess the credibility of his exculpation of Metz, without such a hearing there was no factual basis, argues Metz, to support the Court's finding that Schiller's proffer was not credible. Generally, a motion for new trial may be decided upon affidavits without evidentiary hearings. *See, e. g., United States v. Dara,* 429 F.2d 513, 514 (5th Cir. 1970); *Gurleski v. United States,* 405 F.2d 253, 267 (5th Cir.), *cert.denied,* 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1968). The action of the District Court was correct.

AFFIRMED.