**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Hector Santos VERGARA, Defendant-Appellant.**

No. 83–2153
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1983.

See also, 5th Cir., 687 F.2d 57.

Oscar J. Pena, Laredo, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, John M. Potter, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The defendant Vergara's conviction of several drug offenses has previously been affirmed by us. 687 F.2d 57 (5th Cir.1982). The present appeal is from the denial of a new trial, sought on the basis of newly discovered evidence that consisted of exculpatory statements and ex parte depositions by two coindicted conspirators. We find no abuse of discretion in the denial and, consequently, affirm.

Motions on grounds of newly discovered evidence "are not favored by the courts and are viewed with great caution." 3 Wright, Federal Practice and Procedure § 557 at 315 (1982). The standard for review of the denial of a motion for new trial on these grounds rests in the sound discretion of the trial court. *Wright* § 559 at 368, *citing U.S. v. Martino,* 648 F.2d 367, 407 (5th Cir.1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2007, 72 L.Ed.2d 465 (1982). A party who contends that the trial court erred in denying the motion has the burden of showing the following:

(1) the evidence must be discovered following the trial, (2) facts must be alleged from which the court may infer diligence on the part of the movant to discover the evidence, (3) the evidence must not be merely cumulative nor impeaching, (4) the evidence must be material, and (5) the evidence must be such that a new trial would probably produce a new result.

*U.S. v. Burns,* 668 F.2d 855, 859 (5th Cir. 1982).

In our opinion affirming the conviction, we pointed out as highly significant evidence of Vergara's guilt an incident from which the jury could infer he was the supplier of the drugs. 687 F.2d at 60–61. This concerned an incident where his alleged co-conspirators, under surveillance by undercover agents, drove to his home; after Vergara met them there, he left and returned a half-hour later, spoke briefly with co-conspirator Espinoza, and pointed toward his automobile. Espinoza then walked empty-handed to Vergara's automobile and retrieved from it a brown paper bag. On

Espinoza's arrest shortly thereafter, the bag was found to contain heroin.

In the motions for a new trial, the crucial thrust of statements and ex parte depositions by co-conspirators Prado and Espinoza is to state that Espinoza all along had the heroin concealed about his person, and that he had just gone to Vergara's automobile to get some matches. Espinoza also explained that he, Prado, and another co-conspirator had gone to Vergara's house, because of an earlier incident: Prado had gone to Vergara's house to tell him that Espinoza had sent them to get some drugs, and Vergara had denied any knowledge and had asked Prado to bring Espinoza to his house to discover why the others had come there earlier.

The district court denied the motion(s) for the new trial, holding that the evidence from the co-conspirators was not newly discovered within the meaning of a new-trial ground, that Vergara had demonstrated a lack of due diligence, and that the evidence was not likely to produce a different result at a new trial.

In claiming that he was at least entitled to an evidentiary hearing, Vergara contends that his co-conspirators exculpating testimony is newly discovered evidence. He relies upon *Newsom v. United States,* 311 F.2d 74 (5th Cir.1962) and *Ledet v. United States,* 297 F.2d 737 (5th Cir.1962). He points out that Prado was a fugitive from justice at the time of his trial and that Espinoza, a co-indictee at the trial, had availed himself of his privilege not to testify in order not to incriminate himself. In each of the cited decisions, in view of "peculiar circumstances", *Newsom,* 311 F.2d at 79, *Ledet,* 297 F.2d at 739, and an extremely tenuous case with regard to the defendant's involvement in the crime, new trials were ordered, even with the caveat "that it is not unusual for one of two convicted accomplices to assume the entire fault and thus exculpate his co-defendant by the filing of a recanting affidavit", *Ledet,* 297 F.2d at 739.

More recently, in *United States v. Metz,* 652 F.2d 478 (5th Cir.1981), we had occasion to reject contentions similar to those now advanced—that a previously silent accomplice's willingness after conviction to exculpate his convicted co-conspirator is newly discovered evidence entitling the latter to a new trial. We noted that, subject to review for abuse of discretion only, the district court may deny the new trial, even without an evidentiary hearing, on its assessment that the belated exculpation is not credible or would not be sufficient to produce a different result at a new trial. *Metz,* 652 F.2d at 481. In reaching this result, *Metz* specifically distinguished the *Newsom* and *Ledet* cases relied upon by the present defendant.

The district court's denial of a new trial " 'will be reversed only where it is so clearly erroneous as to constitute an abuse of discretion' ", and a new trial claimed on the ground of newly discovered evidence "should be granted only with great caution". *Metz,* 652 F.2d at 479. In addition, " 'a Court must exercise great caution in considering evidence to be "newly discovered" when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify.' " *Id.* at 479 n. 3.

Under these principles, we find no abuse in the district court's discretion in denying the new trial on review. We also note the improbability of the newly asserted innocent reasons for Espinoza and Prado to go to Vergara's house and, further, that the newly asserted single trip there is substantially contrary to the trial testimony of repeated trips (apparently in search of drugs) made by Espinoza and Prado that morning, until finally they finally found Vergara at home, and the lack of explanation in the new showing for Vergara's short trip from his home and return to it (apparently to get drugs) after Espinoza and Prado had finally found him at his house.

Accordingly, we AFFIRM the judgment of the district court denying a new trial.

AFFIRMED.