**UNITED STATES of America, Plaintiff,**

v.

**Keith WILLIAMS, Defendant.**

No. 87–227CR(1).

United States District Court,
E.D. Missouri, E.D.

Nov. 3, 1988.

Richard Poehling, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Lee Lawless, Federal Public Defender, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This matter is now before the Court on the motion of defendant Keith Williams for a new criminal trial based upon newly discovered evidence pursuant to Fed.R. Crim.P. 33. Defendant's appeal to the Court of Appeals for the Eighth Circuit has been stayed pending this Court's resolution of defendant's motion for a new trial.

Defendant was indicted and charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B). At trial, the government's key witness was St. Louis Police Officer John McKenzie, who arrested defendant and a companion on April 27, 1987. Officer McKenzie testified that on the day of the arrest he began following a car, in which defendant was a passenger, for a speeding violation when the vehicle made a sudden turn into a gas station. Officer McKenzie parked his patrol car in an alley adjacent to the gas station and observed defendant exit from the car, make a purchase from the gas payment booth, and return to the car. While defendant was standing next to the passenger side of the car, Officer McKenzie observed defendant remove a black pouch from the car, place a handgun from his waistband into the black pouch, and put the pouch into the glove compartment. After the car pulled out of the gas station lot, Officer McKenzie stopped the vehicle and arrested the driver, Willie Young, for a traffic violation and defendant for the weapon violation. When the driver indicated that he did not have the glove compartment key, the officer conducted a search of the defendant and the driver and uncovered the glove compartment key in defendant's shoe. In the glove compartment, Officer McKenzie found a black pouch containing a handgun and $2,700.

Defendant took the stand at trial and denied having a firearm on his person and denied having the glove compartment key in his shoe. Defendant stated that he got out of the car at the gas station to purchase cigarettes from the booth, then got back into the car, and did not remove anything from his waistband or put anything into the black pouch. Defendant testified that he saw Young remove money from the pouch at the gas station to pay for the gas, but did not know that the pouch contained a gun. The jury found defendant guilty of being a felon in possession of a firearm and this Court sentenced defendant to four years imprisonment.

The "newly discovered evidence" that defendant seeks to introduce at a new trial is the testimony of Willie Young. This Court held an evidentiary hearing on defendant's motion for a new trial on September 19 and 20, 1988. At the hearing, Willie Young testified that 1) he was driving his sister's car on the day that he and defendant were arrested; 2) he placed $2,700 in a pouch in the glove compartment prior to picking up defendant; 3) he discovered the handgun in the pouch for the first time when he placed the money in it; 4) defendant did not know that the money, gun or pouch were in the glove compartment; 5) while at the gas station, defendant did not go up to the booth and did not remove a handgun from his waistband; 6) the glove compartment was not opened again until the police officer opened it; and 7) Officer McKenzie found the glove compartment key under the floormat in the backseat, not in defendant's shoe. *See also* Affidavit of Willie Young dated July 2, 1988. Young also testified that he knew about the gun charges prior to defendant's trial. He visited defendant while defendant was confined and told defendant that he was willing to testify on defendant's behalf, but did not testify at defendant's trial because he was afraid and did not know the exact trial date.

To prevail on his motion for a new trial based upon newly discovered evidence, defendant must meet all of the following five criteria:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial;

(2) facts must be alleged from which the court may infer diligence on the part of the movant;

(3) the evidence relied upon must not be merely cumulative or impeaching;

(4) it must be material to the issues involved; and

(5) it must be of such a nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Begnaud,* 848 F.2d 111, 113 (8th Cir.1988) (citations omitted). Defendant has failed to meet the requirements for a new trial.

First, "newly available" evidence is not necessarily "synonymous" with "newly discovered" evidence. *See United States v. Metz,* 652 F.2d 478, 480 (5th Cir. 1981). In the present case, defendant knew, prior to trial, that Young was willing to testify on his behalf. Therefore, the evidence was not unknown to him at the time of trial and is not in fact newly discovered evidence. *See United States v. Ferguson,* 776 F.2d 217, 225 (8th Cir.1985). The courts view an accomplice's willingness to come forward with exculpatory testimony, after a defendant's conviction, with circumspection and are reluctant to grant a new trial on the basis of this kind of "newly discovered" evidence. *See id.; United States v. Vergara,* 714 F.2d 21, 23 (5th Cir.1983); *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981). This Court is likewise reluctant to find that Young's belated exculpatory testimony is "newly discovered" evidence when the evidence existed all along and was unavailable merely because Young chose not to testify.

Second, although defendant tried to locate Young prior to trial, these efforts may not have been sufficiently diligent, especially in view of defendant's knowledge that Young intended to offer favorable testimony. Defendant's attorney and an investigator tried to locate Young through his last known address and his sister's address, but were unable to locate

Young or his sister. Defendant's attorney knew that state charges had been filed against Young, but did not attempt to locate Young through the state criminal docket records. Defendant did not move for issuance of a subpoena upon Young until two days before the trial began and did not request a continuance of the trial date. Defendant's belated request for issuance of a subpoena and failure to request a continuance on the basis of Young's unavailability undermines defendant's claim of due diligence.

With respect to the third and fourth criteria, although Young's testimony is material to the issue of defendant's guilt or innocence, it is directed primarily toward impeachment of Officer McKenzie's testimony and is merely duplicative of defendant's own testimony. Moreover, there are inconsistencies in the record which undermine the credibility of Young's testimony. Young's testimony that defendant did not know that the money and the pouch were in the glove compartment is contradicted by defendant's own testimony that he saw the pouch and was aware that it contained money. Young's testimony that defendant did not go up to the booth at the gas station is also inconsistent with the testimony of defendant and Officer McKenzie. Young's testimony is also inherently suspect. Although Young claims to be the lawful owner of the money seized from the vehicle, he has not made any claim for its return.

Finally, it is improbable that Young's testimony would result in an acquittal at a new trial. The only way a jury would acquit defendant is if they found that Officer McKenzie was lying. The jury accepted Officer McKenzie's testimony at trial even though it was contradicted by defendant's testimony. It is unlikely that Young's testimony would change that result especially in view of the inconsistencies between Young's testimony and defendant's testimony.

Therefore, for the foregoing reasons, defendant's motion for a new trial is denied. In accordance with the instructions in the remand of this case from the Court of Appeals for the Eighth Circuit, the present ruling on defendant's motion is certified to the Eighth Circuit for its review.