# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3415

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Richard Lofton, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 12, 2003

Filed: June 26, 2003

_____

Before HANSEN,[*] Chief Judge, LOKEN and MURPHY, Circuit Judges.

_____

LOKEN, Chief Judge.

During a routine traffic stop, Iowa police officers saw a handgun at the feet of passenger Richard Lofton and arrested Lofton and the driver, Fabian Espinosa, for a state law weapons violation. After a drug dog alerted to the vehicle, the officers found 236 grams of methamphetamine and ammunition for the handgun in the center console, and three pounds of marijuana in a storage area. Lofton and Espinosa were

_____

[*]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. The Honorable James B. Loken became Chief Judge on April 1, 2003.

charged with drug and firearm offenses. Espinosa pleaded guilty to the drug charges. A jury then convicted Lofton of the drug charges and both defendants of the firearm offense. Lofton moved for a new trial based on newly discovered evidence -- Espinoza's belated willingness to testify that Lofton had no knowledge of the drugs found in the vehicle. The district court[1] denied the motion and sentenced Lofton to 138 months in prison. He appeals, arguing the district court abused its discretion in denying the motion for new trial. We affirm.

Neither Lofton nor Espinosa testified at trial. Just before Lofton's sentencing, but after Espinoza's appeal was submitted to this court,[2] Lofton filed a motion for new trial based on newly discovered evidence, claiming that Espinosa would now testify that Lofton had no knowledge of the controlled substances in Espinosa's vehicle when they were arrested. At the motion hearing, Espinosa testified that Lofton had no knowledge of the drugs found in the vehicle, that Espinoza would testify to that effect if Lofton were granted a new trial, that Espinosa and Lofton had no personal contact from the time of their arrest until trial because of the court's bond requirements, and that Espinosa did not volunteer to testify until he responded to a request from Lofton's wife's approximately sixty days before the hearing. On cross-examination, Espinosa invoked his Fifth Amendment privilege against self-incrimination when asked about the source of the drugs and to whom he planned to deliver them.

The district court denied the new trial motion on the ground that Espinosa's testimony would not qualify as evidence newly discovered after trial, one of the facts Lofton must establish to warrant a new trial on the basis of newly discovered

---

[1]The HONORABLE DONALD E. O'BRIEN, United States District Judge for the Northern District of Iowa.

[2]We affirmed Espinosa's conviction for the firearm offense in United States v. Espinosa, 300 F.3d 981 (8th Cir. 2002).

evidence. See United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001). That ruling is consistent with this Court's prior decisions. "[W]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered.'" United States v. Offutt, 736 F.2d 1199, 1202 (8th Cir. 1984), quoted in United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir. 1993), and in Meadows v. Delo, 99 F.3d 280, 282 (8th Cir. 1996).

Conceding that "'newly available' evidence is not necessarily 'synonymous' with 'newly discovered' evidence," United States v. Williams, 698 F. Supp. 796, 797 (E.D. Mo. 1988), Lofton nonetheless argues that his new trial motion was in fact based upon newly discovered evidence because he was not aware of Espinosa's willingness to testify until after the trial. We reject this contention. Before trial, Lofton knew the relevant fact at issue -- whether Espinosa had advised Lofton during the course of their travels that Espinosa was carrying illegal drugs in the vehicle. Knowing that fact, Lofton could have called codefendant Espinosa as a defense witness at trial. Perhaps Espinosa would have invoked his privilege against self-incrimination and refused to testify. In that event, Lofton could have moved to sever his trial from Espinosa's, which would have tested whether Espinosa's unavailable testimony would deprive Lofton of a fair trial. In these circumstances, the district court did not abuse its discretion in relying upon the general rule that belated exculpatory testimony by a codefendant who did not testify at trial is not newly discovered evidence warranting the grant of a new trial.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-