[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-13088 & 12-15099
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00377-VEH-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA PERSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(June 27, 2013)

Before CARNES, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Joshua Person, in two consolidated direct appeals, challenges his conviction

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and

the district court's denial of his motion for a new trial based on newly discovered evidence. Person contends that the government failed to present sufficient evidence to prove that he possessed the firearm found beneath the driver's seat of his car and that the evidence offered at trial tended to show only that he was in close proximity to the firearm and knew of its presence. He also argues that the district court abused its discretion in denying his motion for a new trial, which was based on an allegation of newly discovered evidence in the form of newly available testimony from his son, William Hall, who could not be located at the time of trial and could have testified that he inadvertently left his gun in Person's car after he had driven the car.

## I. Sufficiency of the Evidence

We review de novo whether there is sufficient evidence to support a jury's verdict, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the verdict. United States v. Cochran, 683 F.3d 1314, 1321 (11th Cir. 2012). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (quotation marks omitted). To sustain a conviction, "[t]he evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or

among the reasonable conclusions to be drawn from the evidence presented at trial." Id. (quotation marks omitted).

In order to convict a defendant of violating 18 U.S.C. § 922(g)(1), the government must prove that (1) the defendant was a convicted felon, (2) he knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce. United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). Possession, which is the only element contested in this appeal, "may be actual or constructive, joint or sole." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). Constructive possession exists when a defendant "has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion" over the object. United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996). "[M]ere presence in the area of an object or awareness of its location is not sufficient to establish possession." Beckles, 565 F.3d at 841. However, we have held on numerous occasions that the government may establish constructive possession by showing that the defendant exercised ownership, dominion, or control over the object itself or over the premises or vehicle in which it is concealed. See e.g., United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005) ("Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or vehicle

3

in which the object is concealed.") (quotation marks omitted); United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (same); Gunn, 369 F.3d at 1234 (same); Derose, 74 F.3d at 1185 (same).

The undisputed evidence presented at trial showed that Person was approached by a police officer just as he pulled over and parked his car outside his stepdaughter's apartment. Because Person was playing his music quite loudly, the officer had decided to issue Person a citation for a noise violation. As the officer was drafting the citation he asked Person if there was anything illegal in the car that he should know about. Person responded that there was a pistol underneath the driver's seat that belonged to his son, William Hall, who had been driving the car earlier that day. The officer then retrieved the pistol, which was loaded and not housed in a container, from underneath the driver's seat. According to the trial testimony of Person's stepdaughter, Marguerite Johnson, Hall was carrying the pistol earlier that day while driving his father's car.[1]

Person contends that the government failed to establish the element of possession by presenting sufficient evidence that he exercised ownership,

---

[1] During the evidentiary hearing on his post-verdict motion for a new trial, Person testified that he was unaware that the pistol was underneath his car seat until mere moments before he was approached by the police officer. Person explained that he was on his way to a barbecue at his stepdaughter's home and, as he reached down to pick up a pan of meat from the floor of his car, he noticed the gun beneath his driver's seat. Person, however, did not testify at trial on his own behalf and there was no evidence presented to the jury to suggest that he only became aware of the firearm shortly before it was seized. Not surprisingly, Person does not contend that his post-verdict testimony is relevant to determining whether the evidence presented to the jury at trial was sufficient to support its verdict.

dominion, or control over the firearm, instead of mere proximity to and knowledge of its whereabouts. Given the uncontradicted testimony offered at trial that his son physically possessed the pistol and was driving his car earlier that same day, Person argues that no reasonable jury could conclude that he himself possessed the firearm simply because he controlled the vehicle in which it was found.

Although "the essence of constructive possession is the power to control the contraband itself," ownership, dominion, or control over a vehicle in which contraband is found, coupled with knowledge of that contraband, is sufficient to establish constructive possession. See United States v. Cochran, 683 F.3d 1314, 1318 (11th Cir. 2012) (explaining that control over the premises in which contraband is found "permits an inference" of the power to control that contraband and is "enough to uphold a conviction on a sufficiency of the evidence challenge"); Wright, 392 F.3d at 1273. Contrary to Person's contention, the evidence presented at trial established more than mere presence in the vicinity of the firearm or mere awareness of its location. Instead, it showed that he owned the car in which the firearm was found, was in sole control of the car when that firearm was found, and knew of its presence before it was found. Because the evidence demonstrated that Person exercised ownership, dominion, and control over the vehicle in which the firearm was concealed, the jury reasonably could have inferred that he constructively possessed that firearm. See United States v. Leonard, 138 F.3d 906,

909 (11th Cir. 1998) ("The jury reasonably could have inferred that [the defendant] was the owner of a vehicle in which he knew cocaine and a gun were located, and therefore in constructive possession of both.").

Moreover, while uncontradicted testimony offered at trial indicated that the firearm belonged to Person's son and that his son had driven his car on the date of the incident, that evidence did not preclude the jury from reasonably concluding that the defendant himself possessed the firearm. Possession, after all, may be "joint or sole" and "ownership is not a requirement for possession." United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010) (quotation marks omitted). And the jury was in no way obligated to credit each and every sliver of trial testimony, including that concerning Hall's connection to the firearm and his father's car, even if that testimony was uncontradicted. See Wright, 392 F.3d at 1274 (explaining that assessing the credibility of witness testimony "is within the jury's exclusive province"). We therefore hold that the government presented sufficient evidence to support Person's conviction for possessing a firearm as a convicted felon.

## II. Motion for a New Trial

We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc). We may not disturb the district court's ruling unless the court made a clear

6

error of judgment or applied the wrong legal standard. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1291, 1307 (11th Cir. 2011).

Federal Rule of Criminal Procedure 33 permits a district court to grant a new trial based on newly discovered evidence "if the interest of justice so requires." Fed. R. Crim. P. 33. Such motions are highly disfavored and should be granted with great caution. Campa, 459 F.3d at 1151. To merit a new trial, a defendant must show that the evidence (1) was discovered after trial, (2) could not have been discovered earlier through the exercise of due diligence, (3) is not merely cumulative or impeaching, (4) is material, and (5) is of such a nature that a new trial would probably produce a different result. United States v. DiBernardo, 880 F.2d 1216, 1224 (11th Cir. 1989). Newly available evidence is not the same as newly discovered evidence and, as such, it does not warrant the grant of a new trial under Rule 33. Id. at 1224–25; United States v. Metz, 652 F.2d 478, 480 (5th Cir. Unit A 1981).[2]

The district court concluded that William Hall's newly available testimony, which indicated that he inadvertently left his gun under the driver's seat of Person's car without his knowledge, was not newly discovered for purposes of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit, including Unit A panel decisions of that circuit, handed down before October 1, 1981.

Rule 33 because Person knew of the substance of Hall's testimony before trial.[3]  At the evidentiary hearing on his motion for a new trial, Person testified that he unsuccessfully tried to located Hall before trial so that Hall could testify that the gun belonged to him and that he had left it in Person's car.

Person nonetheless contends that he was not aware of the precise manner in which Hall would "explain the events of that day."  He also contends that the district court abused its discretion in failing to distinguish DiBernardo and Metz, both of which involved the exculpatory testimony of codefendants who rendered themselves unavailable to testify at trial by invoking their respective Fifth Amendment privileges against self-incrimination.  See DiBernardo, 880 F.2d at 1219–20, 1224–25; Metz, 652 F.2d at 480.  Person asserts that, unlike the newly available testimony at issue in DiBernardo and Metz, Hall's testimony was "patently unavailable" at trial because his exact location was unknown, and it is more reliable than the self-interested testimony of a convicted codefendant.  For similar reasons, Person maintains that, at the very least, we should modify the principles announced in DiBernardo and Metz to hold that known testimony from a non-codefendant who was physically unavailable at the time of trial can serve as a basis for granting a new trial based on newly discovered evidence.

---

[3] Person, for good reason, expressly disclaims any suggestion that his own testimony, as set forth in the post-verdict hearing on his motion for a new trial, qualifies as newly discovered evidence warranting a new trial.

8

Although Person may not have known all the details of Hall's testimony, he was aware of the general thrust of that testimony and that it could be exculpatory. Because Hall's testimony was known before trial, under binding circuit precedent it does not qualify as newly discovered evidence. See DiBernardo, 880 F.2d at 1224–25; Metz, 652 F.2d at 480.

Person's attempts to distinguish or modify that binding precedent are unavailing. The decisions in DiBernardo and Metz were based on the premise that previously known but unavailable witness testimony or other evidence cannot be characterized as "newly discovered" within the meaning of Rule 33. See DiBernardo, 880 F.2d at 1224; Metz, 652 F.2d at 480. Those decisions were not based on the presumed motives or trustworthiness of unavailable witnesses or the reasons for their unavailability. And while Person urges us to temper the principle that known but previously unavailable testimony, whatever its source or apparent reliability, is not newly discovered for purposes of Rule 33, we are not at liberty to do so. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation marks omitted).

For these reasons, we affirm Person's conviction under 18 U.S.C. §
922(g)(1) for unlawfully possessing a firearm as a convicted felon and affirm the
district court's denial of his motion for a new trial.

**AFFIRMED.**