[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11934
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20836-PCH-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK N. MILLER,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 26, 2019)

Before ROSENBAUM and TJOFLAT, Circuit Judges, and PAULEY,[*] District Judge.

_____

[*] Honorable William H. Pauley, III, United States District Judge, Southern District of New York, sitting by designation.

PER CURIAM:

Derrick Miller, proceeding *pro se*, appeals the denial of his *pro se* motion for a new trial based on newly discovered evidence. In June 2017, a jury convicted Miller of various drug trafficking and firearm offenses related to a series of drug transactions between December 2, 2015 and January 10, 2016 out of 5645 N.W. 5th Avenue in Miami, Florida (the "residence"). In December 2017, several months after trial, Wilber Davis signed an affidavit urging that Miller should not be held responsible for anything found at or inside the residence. Davis's affidavit stated that when he was arrested in front of the residence on unrelated charges back in November 2015, he asked Miller, who was present at the time of the arrest, to house-sit until he returned, and that the bond enforcement agents that arrested him gave Miller the keys to the residence for that purpose. Davis claimed that he had been house-sitting for Lucien Terry, the owner of the residence, while Terry was away. The affidavit also stated that while Davis was in a Florida state prison, "agents came to visit [him] and questioned [him] about the 5645 residence."

On appeal, Miller argues that Davis's affidavit constituted newly discovered evidence because Davis could not be located prior to trial, and because it contained "clear and convincing support" for Miller's defense at trial that he was merely house-sitting at the residence when the police recovered the drugs and firearms. Miller also argues that the government's failure to disclose this evidence violated

2

*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).

The District Court denied his motion for a new trial on two grounds. First, by filing his motion *pro se*, Miller violated Southern District of Florida Local Rule 11.1(d)(4). Because Miller was already represented by an attorney, Local Rule 11.1(d)(4) required him to submit any motions through that attorney. Therefore, the District Court concluded that it should strike his motion without reaching the merits. Alternatively, even if it were required to reach the merits of his motion for new trial, the District Court found that the affidavit was not "newly discovered," and so it would have denied the motion on the merits anyway. We consider each holding in turn.

## I.

We review a district court's application of its local rules for an abuse of discretion. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015). "The district court's interpretation of its own rules is entitled to great deference, and the challenging party bears the burden of showing that the district court made a clear error of judgment." *Id.* (citing *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). The court abuses its discretion when it applies an improper legal standard, applies the law in an incorrect or unreasonable way, follows improper procedures when making a decision, or makes findings of fact that are clearly

3

erroneous.  *Id.* (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009)).

Local Rule 11.1(d)(4) provides:

Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented by an attorney.

S.D. Fla. L.R. 11.1(d)(4).  Miller argues that at trial the District Court allowed him to proceed as "co-counsel," and so filing this motion on his own behalf did not run afoul of Local Rule 11.1(d)(4).  At trial, the District Court briefly permitted Miller to examine one witness during his case-in-chief, but ultimately revoked that privilege and handed the responsibility back to Miller's attorney.  Although Local Rule 11.1(d)(4) allows the District Court to hear a party in open court, even though he is already represented by an attorney, it clearly prohibits a party from otherwise "appear[ing] or act[ing] on the party's own behalf."  S.D. Fla. L.R. 11.1(d)(4).  The District Court, in its discretion, allowed Miller to be heard in open court for the limited purpose of examining a single witness; whatever authority it granted to Miller to proceed as "co-counsel" during his trial for this limited purpose, it did not also authorize Miller to file motions

4

on his own behalf. Permitting Miller to participate in his trial in this way was therefore not contrary to the rule and did not give Miller permission to file this motion on his own. The District Court therefore did not abuse its discretion in concluding that Miller's violation of Local Rule 11.1(d)(4), alone, was a sufficient reason to deny his motion for new trial.

## II.

Miller also argues that the District Court erred in denying his motion for a new trial on the merits. We review a district court's denial of a motion for new trial based on newly discovered evidence, including claims that the evidence was withheld in violation of *Brady* or *Giglio*, for an abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).[1] A district court may grant a new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33(b) only if the defendant shows (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence;

---

[1] Although Miller did not cite *Brady* or *Giglio* as grounds for a new trial in his motion before the District Court, he did argue that "the newly discovered evidence . . . shows that lead Case Agent for the Federal Bureau of Investigation (FBI), Justin Spence, lied during Defendant's trial," and that the facts contained in the affidavit were "not disclosed to the Defendant" and in fact "deliberately concealed" by the government. It is well-settled that we must construe *pro se* filings liberally. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (noting that *pro se* complaints should be held to less stringent standards than formal pleadings drafted by lawyers). We therefore will construe Miller's arguments below that the government deliberately concealed evidence and that a government witness committed perjury at trial as raising a *Brady* and *Giglio* violation, respectively, which the District Court rejected.

(3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial probably would produce a different result. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999)). Motions for a new trial are highly disfavored, and district courts should use great caution in granting them. *Id.* (quoting *United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994)).

The affidavit that Miller claims is "newly discovered" describes the circumstances of Davis's arrest, for which Miller was present. Because he witnessed the events described in the affidavit, Miller certainly had knowledge of the content of Davis's affidavit well before trial. In fact, Miller admits that he "was aware of the content of the information Wilbur Davis provided in his affidavit." As such, Davis's affidavit was not new evidence discovered after trial.

Miller argues that it is not the content of the affidavit, but Davis's willingness to testify, that was "newly discovered," since Davis could not be located before trial. But this argument is foreclosed by our precedent. In *United States v. DiBernardo*, 880 F.2d 1216, 1224–25 (11th Cir. 1989), and *United States v. Metz,* 652 F.2d 478, 480 (5th Cir. Unit A 1981),[2] we rejected the argument that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit, including Unit A panel decisions of that circuit, handed down before October 1, 1981.

"newly available" evidence is synonymous with "newly discovered" evidence for purposes of a Rule 33 motion for new trial.  In *Metz*, the defendant argued that his co-defendant's exculpatory affidavit and post-conviction willingness to testify constituted newly discovered evidence warranting a new trial.  652 F.2d at 479.  We stated that "[e]ven though [his co-defendant] may have been unavailable to testify at their joint trial because he invoked the Fifth Amendment, Metz himself was not precluded from testifying in his own behalf" to the exculpatory facts, as he had knowledge of the facts and assertions contained in the affidavit before trial.  *Id.* at 480.  We affirmed that decision in *DiBernardo* when we held that newly available, exculpatory testimony of a co-defendant did not constitute newly discovered evidence because the defendant was well aware of the proposed testimony before trial.  880 F.2d at 1224.

It follows from *Metz* and *DiBernardo* that Davis's affidavit does not constitute "newly discovered" evidence warranting a new trial because, even if Davis was not available to testify at trial, Miller was fully aware of the contents of Davis's affidavit and potential testimony before trial, and could have testified to the exculpatory facts himself.  Therefore, the District Court did not abuse its discretion in denying Miller's motion for a new trial on the merits.

Miller's *Brady* claim fails for the same reason: he already possessed the information contained in the affidavit before trial.  To establish a *Brady* violation, a

defendant must show (1) that the government possessed evidence favorable to the defendant, including impeachment evidence; (2) that the defendant did not possess the evidence and could not have obtained it with any reasonable diligence; (3) that the government suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different.  *United States v. Wenxia Man*, 891 F.3d 1253, 1276 (11th Cir. 2018) (quoting *Vallejo*, 297 F.3d at 1164); *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) (quoting *United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir.1989)).  Because we find that Miller already possessed the information contained in the affidavit before trial, his *Brady* claim must also fail.  The government possessed no exculpatory evidence that was not also available to Miller before trial.  Therefore, there was no *Brady* violation.

Nor did the government violate *Giglio*.  To establish a *Giglio* violation, a defendant must show that the prosecutor knowingly used perjured testimony or failed to correct such testimony, and that the perjured testimony was material.  *United States v. Stein*, 846 F.3d 1135, 1147 (11th Cir. 2017).  Miller claims that Davis's affidavit, which states that "agents" came to question him while he was in prison, shows that the FBI agent's testimony at trial that he did not investigate Davis was perjured.  That some unnamed "agents" questioned Davis while he was in prison does not show that *this* particular agent questioned or investigated Davis

8

or was even aware that any unnamed "agent" questioned Davis. Further, Davis's affidavit does not demonstrate in any way that the prosecutor knew of this alleged questioning. *Stein*, 846 F.3d at 1147.

Miller also points to a latent fingerprint report prepared by the Drug Enforcement Administration ("DEA"), showing that the DEA examined Davis's fingerprints, in support of his claim that the FBI agent at trial falsely denied having investigated Davis.[3] But the report alone does not show that the FBI agent or any other member of law enforcement questioned or otherwise investigated Davis, contrary to the agent's testimony at trial. The report shows only that the DEA examined Davis's fingerprints as part of its own investigation. Because Miller cannot show that the government knowingly used perjured testimony, there is no *Giglio* violation.

Accordingly, the District Court's order denying Miller's motion for a new trial is

**AFFIRMED.**

---

[3] The government provided the fingerprint report to Miller and his attorney in discovery.