[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14088
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00422-JDW-SPF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HAROLD WRIGHT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 19, 2021)

Before WILSON, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

William Wright, Jr., a federal prisoner who was pro se but now has counsel,

appeals the district court's denial of his motion for a new trial under Fed. R. Crim.

P. 33 and the court's decision not to hold an evidentiary hearing on that motion. The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review a district court's denial of a Rule 33 motion, and its decision not to hold an evidentiary hearing on that motion, for abuse of discretion. United States v. Scrushy, 721 F.3d 1288, 1303 (11th Cir. 2013); United States v. Schlei, 122 F.3d 944, 990 (11th Cir. 1997); see also United States v. Vallejo, 297 F.3d 1154, 1163–64 (11th Cir. 2002) (using the same standard to evaluate a Rule 33 motion based on alleged violations of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972)).

Wright contends the government violated Brady and Giglio when it presented and allowed trial testimony from five of his accomplices that they were not promised sentence reductions or non-prosecution "when in fact the opposite was promised." He argues that the government "was required to disclose the apparent promises in writing" but that he didn't learn of them until after his trial when the government filed Fed. R. Crim. P. 35 motions to reduce four of his accomplices' sentences. He

---

[1] We are bound by cases the former Fifth Circuit decided before October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

asserts the district court was required to hold an evidentiary hearing to allow him to develop a record of what evidence the government "knew of or should have known regarding the promises" and of its "reasons" for deciding to request sentence reductions or not to prosecute.

To obtain a new trial based on a Brady violation, a defendant must show that (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess that evidence and could not have possessed the evidence with due diligence; (3) the government suppressed the evidence; and (4) there was a reasonable probability of a different outcome if the evidence had been disclosed to the defendant. Vallejo, 297 F.3d at 1164. To prevail on a Giglio claim, "the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." Id. at 1163–64 (quotation marks omitted). The falsehood is material if there is "a reasonable likelihood the false testimony could have affected the judgment of the jury" or "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." United States v. McNair, 605 F.3d 1152, 1208 (11th Cir. 2010) (quotation marks omitted). Motions for a new trial based on newly discovered evidence are "highly disfavored" and "should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).

3

Rule 33 motions can generally be decided without an evidentiary hearing, see United States v. Metz, 652 F.2d 478, 481 (5th Cir. Aug. 1981), and courts aren't required to hold a hearing based on a defendant's "mere speculation" that it might turn up evidence of a Brady violation, United States v. Arias-Izquierdo, 449 F.3d 1168, 1188–89 (11th Cir. 2006), or so that he can "conduct a fishing expedition as to why the government chose to present its case in the manner in which it did," United States v. Champion, 813 F.2d 1154, 1171 n.25 (11th Cir. 1987).

The government's position that the district court properly denied Wright's Rule 33 motion is clearly right as a matter of law. Obtaining a new trial based on an alleged Brady or Giglio violation requires Wright to show a reasonable likelihood that the new information would have affected this trial's outcome, which he cannot do. Even if we were to accept Wright's assertions that the government concealed its alleged promises of leniency to his accomplices or that his accomplices testified falsely about those alleged promises, which the record does not support, there isn't a reasonable probability that the information would have changed the outcome here. Trial transcripts demonstrate that two of Wright's accomplices revealed they were testifying as part of plea agreements requiring their cooperation and hoped their sentences would be reduced as a result. Another admitted he was testifying with the hope of receiving leniency and a better sentence. A fourth agreed he was testifying with the hope of getting a reduced sentence. And Wright characterizes the testimony

4

of the fifth, who said she had not been arrested but agreed she had never been promised she wouldn't be charged, as "relatively benign and sometimes helpful."

Both Wright and the jury were well aware that, as he describes in his brief, four of his accomplices "were testifying pursuant to cooperation agreements." The Rule 35 motions were just formal mechanisms through which those accomplices received the benefit of that cooperation.  The Rule 35 documents would not have produced a different outcome, see Vallejo, 297 F.3d at 1164, because they would not have "affected the judgment of the jury," McNair, 605 F.3d at 1208, which knew from the trial testimony that those four accomplices were testifying against Wright out of self-interest and could assess their credibility accordingly.  Nor would the jury's judgment have been affected by information about the alleged promise of non-prosecution to Wright's fifth accomplice, whose testimony was not in need of discrediting because, as Wright admits, it was either benign or helpful to him.

The district court clearly did not abuse its discretion in denying Wright's Brady/Giglio-based Rule 33 motion because he cannot establish all of the elements required to succeed on the motion.  Vallejo, 297 F.3d at 1163–64.  Nor did the court abuse its discretion in denying his request for an evidentiary hearing, which would have been a fishing expedition angling for evidence to confirm his mere speculation about the government's "apparent promises."  See Arias-Izquierdo, 449 F.3d at 1188–89; Champion, 813 F.2d at 1171 n.25.  Because there is no substantial question

5

as to the outcome of this case, summary affirmance is appropriate. Groendyke

Transp., Inc., 406 F.2d at 1162.

We GRANT the government's motion for SUMMARY AFFIRMANCE and

DENY AS MOOT its motion to stay the briefing schedule.