# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30154
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gabriel Hawthorne,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-90-1

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gabriel Hawthorne appeals his conviction and sentence for conspiring to distribute and to possess with intent to distribute controlled substances and possessing fentanyl with the intent to distribute it. He challenges the sufficiency of the evidence, the denial of his motion for a new trial, and the reasonableness of his 120-month, above-guidelines sentence.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review Hawthorne's preserved sufficiency of the evidence claim de novo. *See United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017). Viewing the evidence in a light most favorable to the verdict, a reasonable juror could have found beyond a reasonable doubt that Hawthorne was Andrea Mitchell's source of supply and that Hawthorne conspired to distribute and to possess with intent to distribute fentanyl and possessed fentanyl with the intent to distribute it. *See id.*; *United States v. Franklin*, 561 F.3d 398, 402 (5th Cir. 2009); *United States v. Daniels*, 930 F.3d 393, 403 (5th Cir. 2019).

Next, Hawthorne contends that the district court erred by denying his motion for a new trial based on Mitchell's exculpatory post-verdict affidavit. However, he has not shown that the district court abused its discretion by finding that the information contained in Mitchell's affidavit was not newly discovered evidence that was unknown to him at the time of trial. *See United States v. Wall*, 389 F.3d 457, 465, 467 (5th Cir. 2004); *United States v. Metz*, 652 F.2d 478, 480 (5th Cir. 1981). Moreover, the district court's determination that Mitchell's affidavit was not material because it presented a credibility issue rather than a likelihood of acquittal was not clearly erroneous. *See United States v. Piper*, 912 F.3d 847, 853 (5th Cir. 2019). Accordingly, the district court did not abuse its discretion by denying the motion. *See Wall*, 389 F.3d at 465, 467.

Finally, Hawthorne's challenges to his sentence are unavailing. He has not demonstrated that the district court plainly erred in its explanation of sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Further, Hawthorne's arguments in support of his challenge to the substantive reasonableness of the sentence do not establish that the sentence (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) represented a

clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). He likewise does not show that the 18 U.S.C. § 3353(a) factors failed to support the extent of the variance. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

AFFIRMED.